## NO. 12-13-00377-CR

## IN THE COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DANNY DALE WEISINGER, SR.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

In this original proceeding, Relator, Danny Dale Weisinger Sr., complains of an order signed by a former judge on May 14, 2004, granting a motion to withdraw filed by Relator's appellate counsel. He seeks a writ of mandamus directing the Honorable Pam Foster Fletcher, Judge of the 349th Judicial District Court, to vacate the order and reinstate counsel. We deny the petition.

### PREREQUISITES TO MANDAMUS

Generally, to be entitled to mandamus relief in a criminal case, a relator must establish that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

### ORDER GRANTING MOTION TO WITHDRAW

Relator claims his appellate counsel falsely alleged in his motion to withdraw that there were no current settings or deadlines in the case. He contends that this allegation was false because the former judge had orally appointed the withdrawing attorney to assist Relator in preparing a motion for forensic DNA testing. He asserts that counsel was bound by this oral

pronouncement to represent him and therefore could not truthfully say there were no current settings or deadlines in the case. Thus, Relator maintains that the May 14, 2004 order is void and contends that he is entitled to mandamus relief regardless of whether he has an adequate remedy at law.

Texas Rule of Appellate Procedure 6.5, which Relator cites in his mandamus petition, pertains to an attorney seeking to withdraw from representing a party in an appellate court. That being so, it logically follows that the "list of current deadlines and settings in the case" to be included in the motion to withdraw pertains to deadlines and settings in the appellate court. *See* TEX. R. APP. P. 6.5(a)(1). Relator does not contend that there were deadlines or settings in this court that counsel did not list in his motion. Moreover, even if counsel had misrepresented whether there were deadlines or settings in the appellate court, Relator has not shown that any such misrepresentation would have rendered the withdrawal order void.

## FAILURE TO ADMONISH

Relator also contends that he was forced to represent himself in his direct appeal without being properly admonished by the former judge about the dangers of self-representation. Based upon his conclusion that the order allowing counsel to withdraw is void, he requests that the writ of mandamus direct the trial court to "reinstate counsel to file the necessary documents to reinstate the direct appeal." However, Relator has not shown that the order allowing counsel to withdraw is void.

Additionally, this court affirmed Relator's conviction on January 12, 2005, and the court of criminal appeals refused Relator's petition for discretionary review. *See* ***Weisinger v. State***, No. 12-03-00274-CR, 2004 WL 3103643, at *1 (Tex. App.–Tyler Jan. 12, 2005, pet. ref'd) (mem. op., not designated for publication). Therefore, Relator's conviction has been final for almost ten years. We are unaware of any rule of appellate procedure or other law that authorizes this court to reinstate a direct appeal of a felony conviction that has been final for this length of time. Consequently, even if the withdrawal order were void, Relator would not be entitled to reinstatement of the appeal.

2

## CONCLUSION

Based on the foregoing analysis, we conclude that Relator has not shown he is entitled to mandamus relief. Accordingly, we **deny** Relator's petition for writ of mandamus. All pending motions are dismissed as moot.

Opinion delivered October 22, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER 22, 2014

### NO. 12-13-00377-CR

**DANNY DALE WEISINGER, SR.,**
Relator
V.
**HON. PAM FLETCHER,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **DANNY DALE WEISINGER, SR.**, who is the defendant in Cause No. 03CR-05, pending on the docket of the 349th Judicial District Court of Houston County, Texas. Said petition for writ of mandamus having been filed herein on December 19, 2013, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*